IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEWAYNE GARRAMY HALL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 2:23-cv-110-RAH-CWB ) [WO] |
| WEXFORD HEALTH SOURCES, INC., et al., | ) ) ) |
| Defendants. | ) ) |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff is an inmate incarcerated at the Bullock Correctional Facility in Union Springs, Alabama. (Doc. 1). "Doctor Howard Johnson" has been named as a defendant and is alleged to have been employed by "Wexford Health Services" during the period at issue. (*Id.* at p. 2). The return receipt card for service upon the defendant designated as "Doctor Howard Johnson" was received by the court on June 20, 2023. (Doc. 12).

Wexford Health Sources, Inc.[1] moved to strike such service, however, on grounds that no physician named Howard Johnson has ever been employed by Wexford Health Sources, Inc. and that no other type of employee named Howard Johnson has ever been employed within the State of Alabama by Wexford Health Sources, Inc. (Doc. 18 at pp. 1-2). The court granted the motion on July 10, 2023. (Doc. 25). The court also informed Plaintiff that claims could proceed only against properly-served defendants and directed Plaintiff to submit the correct identity and service address for the intended defendant erroneously designated as "Doctor Howard Johnson." (Doc. 26). No response has been received from Plaintiff in that regard.

---

[1] Wexford Health Sources, Inc. appears to be the correct identity of the defendant identified in the Complaint as "Wexford Health Services." (Doc. 15).

1

Rule 4(m) of the Federal Rule of Civil Procedure requires that a plaintiff serve each defendant with process within 90 days from the complaint or else any unserved defendant will be eligible for a dismissal without prejudice.  *See* Fed. R. Civ. P. 4(m).  Plaintiff's 90-day period for properly identifying and serving the defendant designated as "Doctor Howard Johnson" expired on May 29, 2023, and the undersigned finds nothing in the record to warrant further extension.  Accordingly, all claims asserted against the defendant designated as "Doctor Howard Johnson" are due to be dismissed without prejudice.

Alternatively, all claims against the defendant designated as "Doctor Howard Johnson" are subject to dismissal due to Plaintiff's failure to prosecute in compliance with orders of the court.  The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962).  Such authority empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket.").  "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.  Here, the court expressly informed Plaintiff of his responsibility to provide identifying information for the intended defendant, and the court cautioned Plaintiff that a failure to perfect service upon the intended defendant would result in a dismissal of that defendant.  (Doc. 11 at pp. 3, 5; Doc. 26).  The undersigned finds that Plaintiff's failure to comply with the court's directive or otherwise respond by the imposed deadline of  July 24, 2023 constitutes a clear record of delay and/or willful contempt; and the undersigned further finds that any lesser sanction than dismissal would not be appropriate under

the circumstances, *i.e.,* where Plaintiff has failed to take action notwithstanding the court's admonition regarding proper service of process.

For these reasons, the Magistrate Judge hereby **RECOMMENDS** that all claims asserted against the defendant designated as "Doctor Howard Johnson" be dismissed without prejudice.

Any party may file written objections to this Recommendation. Such objections must be filed with the Clerk of Court no later than **September 28, 2023**, must identify every objectionable finding or recommendation, and must state the specific basis for every objection being asserted. An objecting party also must identify any claim that the Recommendation has not addressed. Frivolous, conclusive, or general objections will not be considered.

After receiving all objections, the District Judge will conduct a *de novo* review of the findings or recommendations to which objection is made. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal the District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1. No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. A party may appeal only from a final judgment ultimately entered by the District Judge.

**DONE** this the 14th day of September 2023.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**