IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **DEWAYNE GARRAMY HALL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 2:23-cv-110-RAH-CWB |
| | ) |
| **WEXFORD HEALTH SOURCES, INC.,** et al., | ) |
| | ) |
| **Defendants.** | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Dewayne Garramy Hall filed this action pursuant to 42 U.S.C. § 1983. (Doc. 1). Defendants in turn timely filed their respective Answers (Docs. 15, 20, & 21) and Special Reports (Docs. 19 & 24). By Order entered September 6, 2023, the court instructed Plaintiff to respond to the Special Reports by September 27, 2023. (Doc. 28). And Plaintiff was cautioned that a failure to do so would result in a recommendation of dismissal. (*Id*.). Despite that admonition, ‚Plaintiff has taken no further action.

The Magistrate Judge construes Plaintiff's failure as reflecting a lack of interest in the continued prosecution of this case, which cannot proceed absent Plaintiff's active participation. Under the circumstances presented, *i.e.*, where Plaintiff has exhibited willful contempt for the court's directives, the Magistrate Judge finds that lesser sanctions than dismissal would not be appropriate. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that dismissal for failure to obey a court order generally is not an abuse of discretion where the litigant has been forewarned); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (acknowledging that the authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and empowers courts "to manage their own affairs so as to achieve the orderly and expeditious

1

disposition of cases"); *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket. ... The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice."). Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that this case be dismissed without prejudice.

It is **ORDERED** that any objections to this Recommendation must be filed by November 13, 2023. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see also Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

**DONE** this the 30th day of October 2023.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**